United States District Court
Northern District of Indiana

| | |
|---|---|
| STEPHEN A. RANGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:08-CV-435 JVB |
| v. | ) |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Stephen A. Range, a *pro se* plaintiff, filed a complaint and an *in forma pauperis* petition. Range alleges that Indiana's laws prohibiting "carrying a handgun without a license or by a person convicted of domestic battery is an infringement and law that abridges [his] immunities and the immunities of citizens." (Compl. at 1.) Range seeks $1,000,000 and a declaration that Indiana Code § 35-47-2-1 violates the Second Amendment of the United States Constitution. That statute provides:

> License required to carry handgun.
> (a) Except as provided in subsection (b) and section 2 [Ind. Code 35-47-2-2] of this chapter, a person shall not carry a handgun in any vehicle or on or about the person's body, except in the person's dwelling, on the person's property or fixed place of business, without a license issued under this chapter being in the person's possession.
> (b) Unless the person's right to possess a firearm has been restored under IC 35-47-4-7, a person who has been convicted of domestic battery under IC 35-42-2-1.3 may not possess or carry a handgun in any vehicle or on or about the person's body in the person's dwelling or on the person's property or fixed place of business.

Though the Second Amendment "guarantee[s] the individual right to possess and carry weapons," *District of Columbia v. Heller*, 128 S. Ct. 2783, 2797 (2008), this is not an unqualified right:

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose. For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

*Heller*, 128 S. Ct. at 2816–17 (2008). In a footnote at the end of that passage, the court further clarified that, "[w]e identify these presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive." *Id.* at n. 26.

Here, Range argues that Indiana's licensure requirement which prohibits those convicted of domestic battery from possessing a handgun violates the Second Amendment. As explained in *Heller*, the Second Amendment does not guarantee convicted persons the right to possess a gun. Though not every domestic battery is a felony in Indiana, *see* Ind. Code 35-42-2-1.3, prohibiting a gun license to those who have been convicted of non-felony domestic battery is well within the unexhaustive list presented in *Heller*.

Since Range has not presented a claim on which relief can be granted, the Court dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.").

SO ORDERED on November 6, 2008.

S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE